THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CARMEN MARÍA TORRES GONZÁLEZ, Defendant and Appellant.

Nos. Cr-62-170, Cr-62-171. Decided October 19, 1962.

240

*Arturo Lugo Bougal* and *Julio Fernández Cabrera* for appellant.
*J. B. Fernández Badillo, Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

Two informations were filed against appellant for violation of § 4 of the *Bolita* Act, No. 220 of 1948—33 L.P.R.A. § 1250. She was charged with selling to Ramón Pabón Chévere on two different occasions a number of the illegal game to be wagered in combination with the Santo Domingo lottery. The first occasion was on June 22, 1960, about 11:00 a.m., in Santa Rosa Street of Guánica. The second, on June 30 in Yager Street of that same municipality.

The only witness for The People was the said Ramón Pabón Chévere who was an undercover agent of the detective. This same agent testified in another case for the same offense against Antonia Santiago, Criminal Case No. 60–838, that the facts charged against the latter occurred about 11:00 a.m. of the said day of June 22. Appellant in this case points out this circumstance and maintains that the trial court erred in giving credit to the testimony of this witness, it being obvious that a person can not be in two different places at the same time. The trial judge upon meeting this situation asked the witness to explain it. The explanation was simple.

The facts occurred in the same Santa Rosa Street of the town of Guánica. Appellant's case about 11:00 a.m.; that of the other defendant about 15 minutes later. We copy below the incident:

"HON. JUDGE:

This morning you testified in the case of Antonia Santiago?
Yes, sir.
Is it true or not that you testified this morning in that case that about 11:00 a.m. of June 22 you were making a transaction with Antonia Santiago?
Yes, sir.
And at the same time you were also making a transaction with this lady?
If I recall correctly, it was 11:15.
According to the notes of the court, it was eleven.

DEFENSE:

And ours also.

HON. JUDGE:

Regarding that of June 22, mine is eleven. However, it was another transaction and he testifies that both were at the same time, or how was it?
No, sir, first it was with the young lady Carmen María Torres.
In the same transaction of the other?
No, sir, in front; after that I went around.

DEFENSE:

That is all.

HON. JUDGE:

You may withdraw.

DISTRICT ATTORNEY:

Another question. The transaction with Antonia Santiago was on Santa Rosa Street?
Yes, sir.
And the transaction with this defendant was on the street . . . ? On the same street?
Yes, sir."

■■■ Appellant further contends that there being a witness who witnessed the transaction, the district attorney

failed to produce him and merely used the testimony of the undercover agent only. The witness who allegedly witnessed the transaction was never summoned nor mentioned in the information as a witness for The People. She invokes the case of *Municipal Assembly* v. *Steidel*, 54 P.R.R. 790 (1939), where we said at p. 800 that "from the fact that not a single witness was presented of the 25 persons which according to Mrs. Solís were present when the incident took place or the policeman who intervened, the legal presumption arises that this evidence, voluntarily suppressed by the petitioner, would have been adverse if it had been offered. Section 102, paragraph 5, Law of Evidence." We have already held that the single testimony of an undercover agent is sufficient, *People* v. *Seda*, 82 P.R.R. 695 (1961); *People* v. *Pérez*, 83 P.R.R. 221 (1961); and in *Viera* v. *Arizmendi*, 74 P.R.R. 36 (1952), we held that the fact that a person did not testify as a witness to one party does not raise any inference or presumption against the latter if he was never in court as witness or formally offered as such. See, also, *People* v. *Williams*, 344 P.2d 45 (Cal. 1959); *People* v. *Herrera*, 340 P.2d 690 (Cal. 1959); Note, *Evidence: Inferences From the Failure to Produce Evidence*, 30 Cal. L. Rev. 79 (1941). However, aside from the foregoing, the reality is that the presumption established by the Law of Evidence is rebuttable. The question that the testimony of a witness has been suppressed and the presumption which it entails must be raised before the trial judge. In such case the other party would have an opportunity to rebut the presumption explaining the reason for not producing the witness. "The presumption which arises from the voluntary suppression of evidence may be rebutted by other evidence." *People* v. *Ramírez*, 50 P.R.R. 224, 248 (1936), and *People* v. *Saldaña*, 40 P.R.R. 556 (1930). In weighing the evidence the judge shall then take into consideration all the circum-

stances present upon rendering judgment. This question was not raised before the trial judge. It is on appeal that it was raised for the first time.

We are satisfied that the evidence which the trial judge had under consideration was sufficient at law to support the informations filed against appellant herein.

The judgments appealed from will be affirmed.